## Carothers v. Brewster

*Leo Stepanian*, for original defendants.
*Lee Montgomery*, for additional defendant.

DILLON J., July 9, 1974.—This opinion is based upon preliminary objections filed by additional defendant, Robert E. Miller, trading and doing business as Miller's Auto Body Shop, to count II of the complaint filed by defendant, Linda Brewster. This trespass action arose out of an automobile accident (collision) which occurred on February 10, 1973, between the two original defendants. Plaintiff was a passenger in the car driven by defendant Brewster. Sometime prior to the accident, the additional defendant, Miller's Auto Body Shop (hereinafter called Miller's) repaired the vehicle owned and operated by Linda Brewster. In count I defendant Brewster alleged that Miller's had negligently repaired the vehicle and such negligent repair caused the accident. In count II of the complaint, defendant Brewster alleged that Miller's is strictly liable to plaintiff for failure to exercise reasonable care in the repairing of her vehicle. Additional defendant Miller's filed preliminary objections to count II alleging that it was a conclusion of law and no facts are pleaded as required by Pennsylvania Rule of Civil Procedure 1019 requesting that it be stricken, The additional defendant also alleges that no facts have been pleaded which would bring it under the strict liability doctrine requirements of Pennsylvania law.

Additional defendant Miller's contends that to allege strict liability, it is necessary to allege facts that show the seller is engaged in the business of selling such a product: Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966). Defendant Brewster states that MacDougall v. Ford Motor Company, 214 Pa. Superior Ct. 384, 257 A. 2d 676 (1969) asserts "that the occurrence of a malfunction of machinery in the absence of abnormal use and reasonable secondary causes is evidence of a 'defective condition' within the meaning of §402A." Id 391 of 214, at 680 of 257 A. 2d. However, this case again contained a seller of the products, the Ford

Motor Company. Plaintiff has not shown any case which relies on section 402A of the Restatement 2d, Torts, as adopted Pennsylvania courts in Webb v. Zern, supra, which has not been a seller or manufacturer-seller of a product. The instant case might more suitably fall within the purview of the strict liability of section 403 of the Restatement 2d, Torts. Plaintiff has not shown where the Pennsylvania courts have adopted section 403 like they have adopted section 402 (A). It would seem that until the Pennsylvania courts adopt §403 of the Restatement 2d, Torts, a repairer of an item such as an automobile is not strictly liable to the user of it for misrepair in a dangerous way. Count II will therefore be stricken from the complaint."*

### ORDER OF COURT

And now, July 9, 1974, in accordance with the foregoing opinion, the additional defendant Miller's preliminary objections to count II of defendant Brewster's complaint are sustained and count II of said complaint is stricken from the record.

---

*Additionally, plaintiff has not pleaded any facts which would support his claim under count II. At the very least, if count II had not been stricken, an amended complaint would have had to have been filed. Subsequent to the filing of this opinion, the case was settled. — Ed.